UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

KHADZHIEV MAKHAMMAD,

Petitioner,

v.

ICE FIELD OFFICE DIRECTOR, et al.,

Respondents.

CASE NO. C26-1722JLR

ORDER

## I. INTRODUCTION

Before the court is *pro se* Petitioner Khadzhiev Makhammad's petition for a writ of habeas corpus under 28 U.S.C. § 2241. (Pet. (Dkt. # 3).) The Government[1] opposes the petition. (Return (Dkt. # 6).) Petitioner did not file a Traverse. (*See generally* Dkt.)

[1] The federal Respondent is the Immigration Customs Enforcement ("ICE") Field Office Director (referred to herein as the "Government"). (*See* Pet. at 1.)

The court has considered the petition, the parties' submissions, the relevant portions of the record, and the applicable law. Being fully advised, the court DENIES the petition.

## II. BACKGROUND

Petitioner is a citizen of Russia presently detained at the Northwest ICE Processing Center ("NWIPC") in Tacoma, Washington. (Pet. ¶¶ 1-2; Britt Decl. (Dkt. # 8) ¶ 3.) On September 14, 2022, he entered the United States at or near El Paso, Texas, without inspection or admission. (Britt Decl. ¶ 3.) U.S. Border Patrol granted Petitioner paroled entry into the United States with Alternative to Detention conditions. (*Id.* ¶ 4.) On September 26, 2022, the Government issued Petitioner an Order of Release on Recognizance. (*Id.* ¶ 5.) On June 15, 2023, the Government issued Petitioner a Notice to Appear ("NTA"). (*Id.* ¶ 6; *see also* Pehl Decl. (Dkt. # 7) ¶ 2, Ex. A (NTA).)

On June 10, 2025, Petitioner missed a required ICE check-in. (*Id.* ¶ 8.) The Government asserts that Petitioner's spouse informed ICE that "Petitioner was in jail in process for multiple domestic violence charges." (*Id.*) On January 20, 2026, the Clark County Superior Court of Clark County, Washington, convicted Petitioner of Assault in the Second-Degree Substantial Bodily Harm, two counts Assault in the Fourth Degree, and two counts of harassment. (Britt Decl. ¶ 9; Pehl Decl. ¶ 2, Ex. B (Memo of Disposition).) The Clark County Superior Court sentenced Petitioner to 16 months in Washington State Correction Center custody. (Britt Decl. ¶ 9.) On April 7, 2026, Petitioner completed his state custodial sentence; the Government placed Petitioner in federal custody and transported him first to Seattle, Washington, and later to the NWIPC,

where he has since remained. (*Id.* ¶¶ 10-11.) Petitioner has a final hearing on his applications for relief from removal scheduled for June 24, 2026. (*Id.* ¶ 12.)

On June 8, 2026, Petitioner filed the instant petition for a writ of habeas corpus seeking his immediate release or, in the alternative, a bond hearing. (*See generally* Pet.) The Petition is fully briefed and ripe for the court's consideration.

## III. ANALYSIS

Habeas petitioners must prove by a preponderance of the evidence that they are "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c); *Davis v. Woodford*, 384 F.3d 628, 638 (9th Cir. 2004).

Petitioner asserts that his continued detention violates his due process rights. (Pet. at 1.) In response, the Government contends that Petitioner is currently detained pursuant to 8 U.S.C. § 1226(c) and thus subject to mandatory detention pending removal proceedings. (*See generally* Return.) The court agrees with the Government for the reasons set forth below.

### A. Petitioner is Subject to Mandatory Detention Pursuant to 8 U.S.C. § 1226(c).

Section 1226(c) "carves out a statutory category of [noncitizens] who may *not* be released under § 1226(a)." *Jennings v. Rodriguez*, 583 U.S. 281, 289 (2018) (emphasis in original). Under Section 1226(c), the "Attorney General shall take into custody any [noncitizen] who falls into one of several enumerated categories involving criminal offenses and terrorist activities." *Id.* (citing 8 U.S.C. § 1226(c)(1)) (internal quotation marks omitted). Under Section 1226(c), those who have committed certain offenses are subject to mandatory detention. *See* 8 U.S.C. § 1226(c). For example, Section 1226(c)

requires detention of a noncitizen who "is charged with, is arrested for, is convicted of, admits having committed, or admits committing acts which constitute the essential elements of" specified criminal offenses. *See id.* § 1226(c)(1)(E); *see also Avilez v. Garland*, 69 F.4th 525, 530 (9th Cir. 2023) (so holding). Specifically, a noncitizen convicted of "any crime that results in death or serious bodily injury to another person" is subject to mandatory detention. *Id.* § 1226(c)(1)(E)(ii).

Accordingly, because the Clark County Superior Court convicted Petitioner of Assault in the Second Degree – Substantial Bodily Harm, the court agrees with the Government that Section 1226(c) mandates Petitioner's detention until his removal proceedings have concluded.

## IV. CONCLUSION

For the reasons provided above, the court DENIES Petitioner's petition for a writ of habeas corpus (Dkt. # 3).

Dated this 20th day of July, 2026.

JAMES L. ROBART
United States District Judge